FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN PAUL HOLDEN, a/k/a "PNWBJ123@gmail.com" and "Bun Mert,"<br><br>Defendant. | No.  4:18-CR-06036-SMJ<br><br><br>PROTECTIVE ORDER |

Before the Court, without oral argument, is the United States' Motion for a Protective Order, **ECF No. 17**, and related Motion to Expedite, **ECF No. 18**. Having reviewed the pleadings and the file in this matter, the Court is fully informed and finds that a protective order pursuant to 18 U.S.C. § 3509(d) is necessary in this case. Accordingly the Court **GRANTS** the United States' motions and enters the following protective order:

IT IS HEREBY ORDERED, that the privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case. The Court also

recognizes that there are some individuals in this case who were children when they are alleged to have been victims of child sexual abuse, but are now adults. Thus, the provisions of this Order apply to the identification of minor children and any adults who were minor children when they were alleged to have been victims of sexual abuse. For purposes of this order, the term "children" encompasses both of these categories.

IT IS FURTHER ORDERED that all persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall:

1. Keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access;

2. Disclose documents or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information;

3. Not permit Defendant himself to review the unredacted discovery outside the presence of defense counsel or a defense investigator;

4. Not permit Defendant to keep any discovery in his own possession outside the presence of defense counsel or a defense investigator; and

5. Not permit Defendant to keep, copy, or record the identities of any child or victim identified in discovery in this case.

IT IS FURTHER ORDERED that all papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court—

1. The complete paper to be kept under seal; and

2. The paper with the portions of it that disclose the names or other information identifying or concerning children redacted, to be placed in the public record.

IT IS FURTHER ORDERED that counsel for the government and counsel for Defendant shall provide one another with a copy of each unredacted pleading filed in this case, provided that such pleading is not filed *in camera*.

IT IS FURTHER ORDERED that any alleged minor victim will be referred by a pseudonym agreed upon by counsel for the United States and the Defendant. Counsel shall be consistent in their use of the identifier selected. The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims only

by using the agreed pseudonyms (e.g., "Jane Doe 1", "Jane Doe 2" etc.), rather than their names, in opening statements and in closing arguments.

IT IS FURTHER ORDERED that all personal information relating to any minor victim, or individual who was a minor at the time s/he was sexually abused, shall be precluded from public disclosure.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of June 2018.

SALVADOR MENDOZA, JR.
United States District Judge