Joseph H. Harrington
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 1 1 2018

SEAN F. McAVOY, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:18-CR-6036-SMJ-1 |
| Plaintiff, | Plea Agreement |
| v. | Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) |
| JONATHAN PAUL HOLDEN, | Global Disposition with the State of Washington |
| Defendant. | Court: Hon. Salvador Mendoza, Jr. |

Plaintiff United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney, and the State of Washington, by and through Andy Miller, Prosecuting Attorney for Benton County, Washington, and Diana Ruff, Deputy Prosecuting Attorney, and by and through Larry Haskell, Prosecuting Attorney for Spokane County, Washington, and Eugene Cruz, Deputy Prosecuting Attorney, and Defendant Jonathan Paul Holden ("Defendant"), both individually and by and through his counsel, Andrea George, Federal Public Defender, and Catherine Harkins, Washington State counsel, agree to the following Plea Agreement:

HOLDEN PLEA AGREEMENT – 1

1        Introduction

2        Defendant has been charged in state and federal court with a number of child

3   exploitation offenses, and he faces additional exposure for uncharged conduct.

4        On June 20, 2018, a federal Grand Jury returned an Indictment charging

5   Defendant with Attempted Online Enticement of a Minor, in violation of 18 U.S.C.

6   § 2422(b) (Count One), Production and Attempted Production of Child Pornography, in

7   violation of 18 U.S.C. § 2251(a), (e) (Counts Two, Three, and Four), Receipt of Child

8   Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count Five), and Possession of

9   Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Six).

10       In February 2018, Defendant was charged in Benton County with Attempted

11   Rape of a Child in the Second Degree, in violation of RCW 9A.44.050, and faces

12   additional exposure for Communications with a Minor for Immoral Purposes, in

13   violation of RCW 9.68A.090.  In addition, during the course of this investigation, law

14   enforcement officers learned new information that could lead to additional charges in

15   Spokane County for Child Molestation in the Second Degree, in violation of RCW

16   9A.44.086.

17       Defendant wishes to resolve all of these actual and potential federal and state

18   charges as part of a single, global resolution.  The United States Attorney's Office for

19   the Eastern District of Washington and the Prosecuting Attorney's Offices for Benton

20   and Spokane Counties agree to such a resolution, as set forth herein.

21       1.    Guilty Plea and Maximum Statutory Penalties:

22            a.    Federal Charges

23       Defendant agrees to plead guilty, pursuant to Federal Rule of Criminal Procedure

24   11(c)(1)(C), to Counts One through Four of the federal Indictment filed on June 20,

25   2018, charging him with Attempted Online Enticement of a Minor, in violation of 18

26   U.S.C. § 2422(b) (Count One), Production of Child Pornography, in violation of 18

27   U.S.C. § 2251(a), (e) (Counts Two and Three), and Attempted Production of Child

28   Pornography, in violation of 18 U.S.C. § 2251(a), (e)  (Count Four).

HOLDEN PLEA AGREEMENT – 2

1    Defendant understands that the charge in Count One, Attempted Online

2    Enticement of a Minor, is a Class A felony.  Defendant understands that the maximum

3    penalty for this charge is life in prison, and that the Court must impose a mandatory

4    minimum sentence of no fewer than 10 years in prison.  Defendant understands that he

5    will also be subject to a fine of up to $250,000; a term of supervised release that will be

6    at least 5 years, and may be up to a lifetime; restitution; a $100 special penalty

7    assessment per count, and registration as a sex offender.  Defendant also understands

8    that absent a finding of indigence by the Court, he will be subject to a $5,000 special

9    assessment per count, pursuant to the Justice for Victims of Trafficking Act of 2015.

10    Defendant understands that each of the charges in Counts Two, Three, and Four,

11    Production of Child Pornography and Attempted Production of Child Pornography, is a

12    Class B felony.  Defendant understands that the maximum penalty for each of these

13    charges is 30 years in prison, and that the Court must impose a mandatory minimum

14    sentence of no fewer than 15 years in prison on each of these charges.  Defendant

15    understands that he will also be subject to a fine of up to $250,000 per count; a term of

16    supervised release that will be at least 5 years, and may be up to a lifetime; restitution; a

17    $100 special penalty assessment per count, and registration as a sex offender.

18    Defendant also understands that absent a finding of indigence by the Court, he will be

19    subject to a $5,000 special assessment per count, pursuant to the Justice for Victims of

20    Trafficking Act of 2015.

21    Accordingly, if Defendant were sentenced consecutively on all of his federal

22    charges, he would face a maximum sentencing exposure of a lifetime in prison, a

23    lifetime of supervised release, a fine of up to $1 million, restitution, $400 in standard

24    special assessments, and up to $20,000 in Special Assessments pursuant to the Justice

25    for Victims of Trafficking Act of 2015.

26    Defendant understands that a violation of any condition of supervised release

27    carries an additional penalty of re-imprisonment for all or part of the term of supervised

28    release without credit for time previously served on post-release supervision.

HOLDEN PLEA AGREEMENT – 3

1    Defendant further understands that a violation of a condition of his federal

2 supervised release carries an additional penalty of re-imprisonment for all or part of the

3 term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time

4 previously served on post-release supervision.  Defendant further understands that if he

5 commits a qualifying offense while on federal supervised release while registered as a

6 sex offender, the Court will be required by 18 U.S.C. § 3583(k) to revoke his supervised

7 release and impose a sentence of at least five years.  Defendant also understands that he

8 will be required to pay restitution and register as a sex offender.

9        b.    State Charges

10    Following the entry of his guilty plea in federal court, Defendant agrees to plead

11 guilty in Benton County Superior Court to one count of Communications with a Minor

12 for Immoral Purposes (Felony), in violation of RCW 9.68A.090(2), (3), arising from his

13 conduct in Benton County, and to one count of Child Molestation in the Second Degree,

14 in violation of RCW 9A.44.086, arising from his conduct in Spokane County.  The

15 crimes to which Defendant will plead guilty in Benton County are not subject to the

16 Washington State indeterminate sentencing scheme set forth in RCW 9.94A.507.

17 Defendant agrees to waive all jurisdictional and venue challenges to these charges.

18        c.    Consecutive Sentencing Exposure

19    Defendant understands that his maximum sentencing exposure would include

20 consecutive sentences on all of his state and federal convictions.

21    2.    The Court is Not a Party to the Agreement:

22    The Court is not a party to this Plea Agreement and may accept or reject this Plea

23 Agreement.  Sentencing is a matter that is solely within the discretion of the Court.

24 Defendant understands that the Court is under no obligation to accept any

25 recommendations made by the United States or Defendant; that the Court will obtain an

26 independent report and sentencing recommendation from the U.S. Probation Office; and

27 that the Court may, in its discretion, impose any sentence it deems appropriate up to the

28 statutory maxima stated in this Plea Agreement.

HOLDEN PLEA AGREEMENT – 4

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is 20 years in custody, to be followed by 20 years of supervised release, and agree to make those recommendations to the Court.  Pursuant to this Plea Agreement, the Benton County Prosecutor's Office agrees to recommend that Defendant's sentences in Benton County run concurrently to his federal sentence and the Spokane County Prosecutor's Office agrees not to file charges arising from the same conduct.  Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will ultimately impose.  Defendant understands that the Court is required to consider the applicable Sentencing Guidelines range, but may depart upward or downward.

Defendant acknowledges that this Plea Agreement is entered pursuant to Fed. R. Crim. 11(c)(1)(C).  Defendant understands that he may withdraw from this Plea Agreement if the Court imposes a term of imprisonment greater than 20 years or a term of supervised release greater than 20 years.  Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 20 years or a term of supervised release of less than 20 years. Defendant acknowledges that if either the United States or Defendant withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and neither the United States, the Benton County Prosecutor's Office, nor the Spokane County Prosecutor's Office are bound by any representations within it.

The United States and Defendant acknowledge that the imposition of a fine, restitution, or conditions of supervised release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the parties are free to make any recommendation they deem appropriate as to the imposition of a fine, restitution, or conditions of supervised release; and that the Court will exercise its discretion with regard to the imposition of a fine, restitution, or conditions of supervised release.  Defendant acknowledges that he may not withdraw from this Plea Agreement based on the Court's decisions regarding a fine, restitution, or conditions of supervised release.

HOLDEN PLEA AGREEMENT – 5

3.      Effect on Immigration Status:

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is not a citizen of the United States, no one, including his attorney or the District Court, can predict with absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

4.      Waiver of Constitutional Rights:

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.     The right to a jury trial;

    b.     The right to see, hear and question the witnesses;

    c.     The right to remain silent at trial;

    d.     The right to testify at trial; and

    e.     The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.  Defendant specifically waives his right to challenge the constitutionality of any of the statutes of conviction.

///

///

///

HOLDEN PLEA AGREEMENT – 6

5.      Elements of the Offenses:

*Count One: Attempted Online Enticement of a Minor*

To convict Defendant of Attempted Online Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), the United States would have to prove the following elements beyond a reasonable doubt:

        a.    *First*, on or about February 6, 2018, within the Eastern District of Washington, Defendant used a facility or means of interstate commerce in an attempt to persuade, induce, or entice an individual under the age of eighteen to engage in sexual activity;

        b.    *Second*, Defendant believed that the individual was under the age of eighteen;

        c.    *Third*, if Defendant had engaged in sexual activity with that individual, Defendant could have been charged with a criminal offense under the laws of the State of Washington; and

        d.    *Fourth*, Defendant acted knowingly and willfully.

*Count Two: Production of Child Pornography*

To convict Defendant of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), the United States would have to prove the following elements beyond a reasonable doubt:

        a.    *First*, at the time of the offense, Minor Victim S.N. was under the age of eighteen;

        b.    *Second*, on or about February 23, 2016, and continuing through on or about April 1, 2016, within the Eastern District of Washington and elsewhere, Defendant persuaded, induced, and enticed Minor Victim S.N. to take part in sexually explicit conduct for the purpose of producing visual depictions of such conduct; and

        c.    *Third*, the visual depictions were transported across state lines or in foreign commerce.

HOLDEN PLEA AGREEMENT – 7

1    *Count Three: Production of Child Pornography*

2    To convict Defendant of Production of Child Pornography, in violation of 18

3    U.S.C. § 2251(a), (e), the United States would have to prove the following elements

4    beyond a reasonable doubt:

5    a.    *First*, at the time of the offense, Minor Victim K.O. was under the

6    age of eighteen;

7    b.    *Second*, on or about February 5, 2018, and continuing through on or

8    about February 6, 2018, within the Eastern District of Washington

9    and elsewhere, Defendant persuaded, induced, and enticed Minor

10    Victim K.O. to take part in sexually explicit conduct for the purpose

11    of producing visual depictions of such conduct; and

12    c.    *Third*, the visual depictions were transported across state lines or in

13    foreign commerce.

14    *Count Four: Attempted Production of Child Pornography*

15    To convict Defendant of Attempted Production of Child Pornography, in

16    violation of 18 U.S.C. § 2251(a), (e), the United States would have to prove the

17    following elements beyond a reasonable doubt:

18    a.    *First*, at the time of the offense, Minor Victim R.R. was under the

19    age of eighteen;

20    b.    *Second*, on or about February 5, 2018, within the Eastern District of

21    Washington and elsewhere, Defendant attempted to persuade,

22    induce, and entice Minor Victim R.R. to take part in sexually

23    explicit conduct for the purpose of producing visual depictions of

24    such conduct; and

25    c.    *Third*, Defendant knew or had reason to know that the visual

26    depictions would be transported across state lines or in foreign

27    commerce.

28

HOLDEN PLEA AGREEMENT – 8

1      6.    <u>Factual Basis and Statement of Facts:</u>

2      The United States and Defendant stipulate and agree that the following facts are

3 accurate; that the United States could prove these facts beyond a reasonable doubt at

4 trial; and that these facts constitute an adequate factual basis for Defendant's guilty

5 plea. This statement of facts does not preclude either party from presenting and

6 arguing, for sentencing purposes, additional facts which are relevant to the Guidelines

7 computation or sentencing, unless otherwise prohibited in this Agreement.

8

9 *<u>Count One: Attempted Online Enticement of a Minor; Communications with a</u>*

10 *<u>Minor for Immoral Purposes (Felony)</u>*

11      On February 6, 2018, Defendant posted an advertisement in the Casual

12 Encounters section of Craigslist, a website known for no-strings-attached sexual

13 encounters. Defendant titled his advertisement "Let me lick your pussy – m4w

14 (Richland)." Defendant explicitly stated what sexual acts he sought, and in the text of

15 his advertisement he stated "age, size, race, looks, marital status not important."

16      Detective William Dramis of the Kennewick Police Department, who is cross-

17 designated as a federal Task Force Officer ("TFO") with the Southeast Washington

18 Regional Internet Crimes Against Children ("ICAC") Task Force, responded to

19 Defendant's advertisement in an anonymous and undercover capacity, taking on the

20 persona of a 13-year-old girl. Defendant believed that the person with whom he was

21 communicating was actually a 13-year-old girl. Defendant communicated with

22 Detective Dramis using the Internet, which is a means and facility of interstate

23 commerce, in an attempt to persuade, induce, entice, and coerce the purported 13-year-

24 old girl to engage in sexual activity after learning that she was 13 years old.

25      Defendant told the purported girl that he would be waiting for her at a nearby

26 Arby's restaurant, confirmed what each of them would be wearing so they could

27 identify one another, and discussed some of the consequences of them engaging in a

28 sexual encounter, including pregnancy. Law enforcement officers went to the Arby's

HOLDEN PLEA AGREEMENT – 9

1   restaurant at the appointed time to meet Defendant, who continued to communicate with
2   Det. Dramis. ~~Defendant also went to Arby's to meet the girl.~~ *WH*  *AKG*

3         Det. Dramis, continuing to play the persona of the girl, told Defendant that she
4   had gotten scared and had gone to a nearby boat dock.  Det. Dramis specifically said
5   "I'm by the bathroom".  Defendant responded "If you want your pussy licked walk back
6   over here".  Defendant asked "How will i know who you are?", to which Det. Dramis
7   replied, "I'm the only girl here."  Defendant went to the bathroom by the boat dock, and
8   the officers arrested him without incident.

9         Defendant acknowledges that, using the Internet, which is a means and facility of
10  interstate commerce, he knowingly and willfully communicated with a person he
11  believed to be younger than 18 years old in an attempt to persuade, induce, and entice
12  her to engage in a sexual activity that would constitute a criminal offense under the laws
13  of the State of Washington.  Specifically, Defendant acknowledges that, pursuant to the
14  Revised Code of Washington, Section 9A.44.076, "A person is guilty of rape of a child
15  in the second degree when the person has sexual intercourse with another who is at least
16  twelve years old but less than fourteen years old and not married to the perpetrator and
17  the perpetrator is at least thirty-six months older than the victim."  Defendant agrees and
18  stipulates that if the sexual activity Defendant discussed had happened, Defendant could
19  have been charged with Rape of a Child in the Second Degree under Washington law.
20
21         *Production and Attempted Production of Child Pornography*
22         During their examination of Defendant's digital devices and accounts, law
23  enforcement officers learned that over the course of several years, Defendant had
24  communicated on various online platforms with bona fide minor victims, including S.N.
25  (a 13-year-old girl in Atlanta), K.O. (a 15-year-old girl in Las Vegas), and R.R. (a 17-
26  year-old girl in Houston).  With each of these victims, Defendant solicited images of
27  child pornography of each victim after learning that she was a minor; that is, he
28  persuaded, induced, and enticed each of them to take part in sexually explicit conduct

HOLDEN PLEA AGREEMENT – 10

1    for the purpose of producing visual depictions of such conduct and then asked them to

2    send the images to him across state lines using the Internet, which is a facility and

3    means of interstate commerce.  Defendant acknowledges that he received and possessed

4    the images of child pornography that his victims sent him.

5

6    *Count Two: Production of Child Pornography with Victim S.N.*

7        Between February 23 and April 1, 2016, Defendant communicated online with

8    S.N., a minor girl who was 13 years old, who had told Defendant that she was 17 years

9    old.  Defendant engaged in a detailed rape fantasy with S.N., sent her images of his

10   erect penis, and explicitly told S.N. that he wanted to see her in pornography and

11   wanted to see her genitalia.  Defendant requested images of S.N. engaged in various

12   sexual acts that would constitute images of child pornography under federal law.  S.N.

13   did in fact take and send Defendant images of child pornography as he requested.

14

15   *Count Three: Production of Child Pornography with Victim K.O.*

16       Beginning on February 5, 2018, and continuing until his arrest the next day,

17   Defendant chatted online with victim K.O., who was 15 years old.  Before learning how

18   old K.O. was, Defendant asked her to "Send daddy a live pic plz kitten".  Defendant

19   then asked how old K.O. was, and she said she was 17 years old.  She asked if her age

20   was okay, and Defendant replied it was "perfect".  After learning that K.O. was a

21   minor, Defendant asked her for images of child pornography, including images of her

22   naked in the shower, shaving her genitalia, masturbating, urinating, and engaging in

23   acts of bestiality.  K.O. did in fact take images of child pornography and send them to

24   Defendant as he requested.

25

26   *Count Three: Attempted Production of Child Pornography with Victim R.R.*

27       On the same day, February 5, 2018, Defendant also engaged with another minor

28   girl via an online chat platform and requested images of child pornography that she

HOLDEN PLEA AGREEMENT – 11

1  declined to send. As "pnwbj123 Paul," Defendant communicated with minor victim
2  R.R., who told him truthfully that she was 17 years old. Defendant requested that she
3  make him a video where she would, "Play with [her] tits and pussy" and "Squirt for
4  [him]". Defendant offered to pay R.R. $500 a week because, as he put it, "I want a long
5  term little. Hopefully we can meet someday and fuck". R.R. told him "Sorry, I think
6  maybe I'm looking for something less sexual" and discontinued the conversation. R.R.
7  did not produce or send Defendant any images of child pornography, but Defendant
8  acknowledges that he attempted to get her to produce images that would constitute child
9  pornography under federal law and send them to her over the Internet.

10

11       *Child Molestation in the Second Degree in Spokane County*

12       Defendant acknowledges that he touched a 13-year-old girl in Spokane County,
13  Washington, sexually, inappropriately, and without her consent, which constitutes the
14  factual predicate for Defendant's Child Molestation in the Second Degree. The identity
15  of the victim is known to Defendant.

16

17       7.    The United States Agrees To Dismiss and Not File Additional Charges:
18       The United States Attorney's Office for the Eastern District of Washington
19  agrees not to bring any additional charges against Defendant based on information in its
20  possession at the time of this Plea Agreement and arising out of Defendant's conduct
21  involving illegal activity charged in the Indictment, unless Defendant breaches this Plea
22  Agreement prior to sentencing in this case. Defendant understands that the United
23  States is free to criminally prosecute him for any other past unlawful conduct or any
24  unlawful conduct that occurs after the date of this Plea Agreement that was not known
25  to the United States Attorney's Office on the date of Defendant's guilty plea.
26       At sentencing, the United States agrees to dismiss Counts Five and Six of the
27  Indictment filed on June 20, 2018, which charge Defendant with the following:
28

HOLDEN PLEA AGREEMENT – 12

a.  Count Five: Receipt of Child Pornography, in violation of 21 U.S.C.
§ 2252A(a)(2)(A), (b)(1) (carrying a five-year mandatory minimum
sentence); and

b.  Count Six: Possession of Child Pornography, in violation of 21
U.S.C. § 2252A(a)(5)(B), (b)(2).

8.  <u>United States Sentencing Guideline Calculations</u>:

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine his applicable sentencing guideline range at the time of sentencing.  The United States and Defendant agree that Defendant's base offense level, enhancements, and adjustments yield an overall offense level of 43 under the United States Sentencing Guidelines.

a.  <u>Base Offense Level and Enhancements Under Chapters 2 and 3</u>:

The parties agree to the following offense level and enhancement calculations:

*Attempted Online Enticement, in violation of 18 U.S.C. § 2422(b):*

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Attempted Enticement | 28 | U.S.S.G. § 2G1.3 |
| Use of a Computer | +2 | U.S.S.G. § 2G1.3(b)(3) |
| Total | 30 | |

*Production of Child Pornography in violation of 18 U.S.C. § 2251(a):*

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Child Pornography Production | 32 | U.S.S.G. § 2G2.1(a) |
| Victims Between 12-16 years old | +2 | U.S.S.G. § 2G2.1(b)(1) |
| Sexual contact (S.N. and K.O. touched their genitalia for Defendant's sexual gratification) | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Use of a computer to solicit participation | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |
| Total | 38 | |

*Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a):*

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Child Pornography Production | 32 | U.S.S.G. § 2G2.1(a) |
| Use of a computer to solicit participation | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |
| Total | 34 | |

HOLDEN PLEA AGREEMENT – 13

      b.    <u>Grouping Analysis Under U.S.S.G. § 3D1.4:</u>

The United States and Defendant agree that: (a) Defendant's conduct includes three counts of Production or Attempted Production of Child Pornography with different victims; (b) those counts do not group; and (c) the offense levels for those three counts are level 38, level 38, and level 34. Accordingly, the United States and Defendant agree that Defendant accrued 3 Units pursuant to U.S.S.G. § 3D1.4. The United States and Defendant also agree that Defendant's conviction for Attempted Online Enticement has a base offense level 8 levels lower than highest level attributed to his Production of Child Pornography conviction, yielding an additional 1/2 Unit pursuant to U.S.S.G. § 3D1.4. The United States and Defendant agree that 3 ½ Units result in a 4-level increase pursuant to U.S.S.G. § 3D1.4. Accordingly, the United States and Defendant agree that Defendant's highest offense level of 38 is increased by 4 levels, yielding an offense level of 42. U.S.S.G. § 3D1.4.

      c.    <u>Acceptance of Responsibility:</u>

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and signs and provides this Plea Agreement for filing with the court prior to October 11, 2018, the United States will move for a three-level downward adjustment in offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three-level downward reduction for acceptance of responsibility if, after Defendant's guilty plea but prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense or tests positive for any controlled substance.

///

///

HOLDEN PLEA AGREEMENT – 14

1    Based on the foregoing, the United States and Defendant agree that Defendant's

2  offense level, before the application of adjustments pursuant to Chapters 4 and 5 of the

3  United States Sentencing Guidelines, is level 39.

4    d.    Chapter 4 Adjustments:

5    The United States and Defendant agree that: (a) Defendant's instant offense

6  includes a conviction for a covered sex crime, namely Attempted Online Enticement of

7  a Minor, in violation of 18 U.S.C. § 2422(b), which is in Chapter 117 of Title 18 of the

8  United States Code; (b) neither U.S.S.G. § 4B1.1 or 4B1.5(a) applies to this case; and

9  (c) Defendant engaged in a pattern of activity involving prohibited sexual conduct,

10  based on his production of child pornography on at least two separate occasions with

11  two separate victims, namely, S.N. and K.O.  Accordingly, Defendant's adjusted

12  offense level is increased by 5 levels, pursuant to U.S.S.G. § 4B1.5(b)(1).  The United

13  States and Defendant agree that Defendant's offense level, prior to the application of

14  adjustments under Chapter 5, is level 44.

15    e.    Chapter 5 Adjustments:

16    The United States and Defendant agree that Defendant's total offense level of 44

17  is treated as offense level 43.  U.S.S.G. Chapter 5, Part A, Application Note 2.  The

18  United States and Defendant agree that Defendant's final adjusted offense level is 43.

19    f.    Criminal History:

20    The United States and Defendant understand that Defendant's criminal history

21  computation is tentative and that ultimately Defendant's criminal history category will

22  be determined by the Court after review of the Presentence Investigative Report.

23    The United States and Defendant have made no agreement and make no

24  representations as to the criminal history category, which will be determined after the

25  Presentence Investigative Report is completed.

26    9.    Incarceration:

27    The United States and Defendant agree that this plea agreement is entered

28  pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and that the appropriate

HOLDEN PLEA AGREEMENT – 15

1  disposition of the case is a sentence of 20 years of incarceration, to be followed by 20

2  years of supervised release.  The United States and Defendant agree to jointly

3  recommend such a sentence.

4        10.   <u>Supervised Release:</u>

5        The United States and Defendant each agree to recommend that the Court impose

6  a 20-year term of supervised release to include the following special condition, in

7  addition to the standard conditions of supervised release and the special conditions of

8  supervised release that are imposed in all child sex offender cases in this District:

9            a.      The United States Probation Officer may conduct, upon reasonable

10                      suspicion, and with or without notice, a search of Defendant's

11                      person, residences, offices, vehicles, belongings, and areas under

12                      Defendant's exclusive or joint control.

13            b.      Defendant shall report to the Probation Office any and all electronic

14                      communications service accounts, as defined in 18 U.S.C.

15                      § 2510(15) used for user communications, dissemination and/or

16                      storage of digital media files (i.e. audio, video, images).  This

17                      includes, but is not limited to, email accounts, social media

18                      accounts, and cloud storage accounts.  Defendant shall provide each

19                      account identifier and password, and shall report the creation of new

20                      accounts, changes in identifiers and/or passwords, transfer,

21                      suspension and/or deletion of any account within 5 days of such

22                      action.  Failure to provide accurate account information may be

23                      grounds for revocation.  The Probation Office is permitted to access

24                      and search any accounts using Defendant's credentials pursuant to

25                      this condition only when reasonable suspicion exists that Defendant

26                      has violated a condition of his supervision and that the accounts to

27                      be searched contain evidence of this violation.

28

1      11.   Criminal Fine:

2      The United States and Defendant are free to make whatever recommendation

3 concerning the imposition of a criminal fine that they believe is appropriate.

4      12.   Mandatory Special Penalty Assessment:

5      Defendant agrees to pay the $400 mandatory special penalty assessment to the

6 Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant

7 to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States

8 before sentencing as proof of this payment.

9      13.   Payments While Incarcerated:

10      If Defendant lacks the financial resources to pay the monetary obligations

11 imposed by the Court, Defendant agrees to earn the money to pay toward these

12 obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility

13 Program.

14      14.   Restitution:

15      The United States and Defendant will submit restitution information prior to

16 sentencing; Defendant acknowledges that restitution is mandatory.  Defendant agrees to

17 pay restitution to the victims in this case if they seek it, including S.N., K.O., R.R., and

18 the minor girl in Spokane whom Defendant admits to touching inappropriately and

19 sexually during the conduct from which Defendant's Child Molestation in the Second

20 Degree charge arises.

21      15.   Judicial Forfeiture:

22      Defendant agrees to voluntarily forfeit and relinquish all right, title, and interest

23 he has in the following listed assets to the United States, including but not limited to the

24 following:

25          - One Apple iPhone 7 Plus cellular telephone, model number A1784, serial

26          number F2LTH13NHX9K; and

27          - One Apple iPad Air tablet device, model number MF004, serial number

28          DMPP54S1F4YF.

HOLDEN PLEA AGREEMENT – 17

1    Defendant stipulates that he is the sole owner of the assets identified herein and

2    that no one else has an interest in the assets.

3    Defendant acknowledges that the assets listed above, which Defendant is

4    agreeing to forfeit, are subject to forfeiture pursuant to 18 U.S.C. § 2428, as property

5    used or intended to be used in any manner or part to commit or to facilitate the

6    commission the offense, Attempted Enticement of a Minor (Count One) in violation of

7    18 U.S.C. § 2422(b), to which Defendant is pleading guilty; and, pursuant to 18 U.S.C.

8    § 2253, as property used or intended to be used in any manner or part to commit or to

9    facilitate the commission the offenses, Production or Attempted Production of Child

10   Pornography (Counts Two through Four), in violation of 18 U.S.C. § 2251(a),(e), to

11   which Defendant is pleading guilty.

12   Defendant agrees to take all steps as requested by the United States to pass clear

13   title to the assets to the United States and to testify truthfully in any forfeiture

14   proceedings.  Defendant agrees to hold harmless all law enforcement agents and the

15   United States, its agents, and its employees from any claims whatsoever arising in

16   connection with the seizure, abandonment, or forfeiture of any asset covered by this

17   Plea Agreement.

18   Defendant further agrees to waive all constitutional and statutory challenges in

19   any manner (including direct appeal, habeas corpus, or any other means) to any

20   forfeiture carried out in accordance with this Plea Agreement on any grounds, including

21   that the forfeiture constitutes an excessive fine or punishment.  Defendant knowingly

22   and voluntarily waives his right to a jury trial on the forfeiture of the assets.  Defendant

23   waives oral pronouncement of forfeiture at the time of sentencing, and any defects that

24   may pertain to the forfeiture.

25   Defendant waives further notice of any federal, state, or local proceedings

26   involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in this

27   Plea Agreement.

28

HOLDEN PLEA AGREEMENT – 18

16.    Notice of Sex Offender Registration:

Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions: the location of Defendant's residence, the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school.  Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of any places at which Defendant is or will be an employee or a student.  Defendant understands that Defendant must update Defendant's registrations not later than three business days after any change of name, residence, employment, or student status.  Defendant understands that failure to comply with these obligations subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17.    Additional Violations of Law Can Void Plea Agreement:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, after Defendant's guilty plea and prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

18.    Waiver of Appeal Rights and Collateral Attack:

Defendant is aware that 18 U.S.C. § 3742 affords Defendant the right to appeal Defendant's sentence.  Acknowledging this, Defendant knowingly and voluntarily agrees to waive all constitutional and statutory rights to appeal his conviction and sentence if the Court sentences Defendant in accordance with the terms of this Rule 11(c)(1)(C) Plea Agreement.  Defendant's appellate waiver includes, but is not limited to, challenges to the terms of this Plea Agreement, his guilty plea, venue, restitution so long as it is no greater than $10,000 per victim, Guidelines enhancements, and statutes of limitation.

HOLDEN PLEA AGREEMENT – 19

1    Defendant expressly waives Defendant's right to file any post-conviction motion
2  attacking Defendant's mental competence, plea, conviction, and/or sentence, including
3  motions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 18 U.S.C. § 3742, except
4  a motion based on ineffective assistance of counsel arising from information not now
5  known by Defendant and which, in the exercise of due diligence, could not be known
6  by Defendant by the time the Court imposes sentence.

7    If Defendant successfully moves to withdraw or vacate his plea, dismiss the
8  underlying charges, or reduce or set aside his sentence on the count to which he is
9  pleading guilty, then: (1) this Agreement shall become null and void; (2) the United
10  States may prosecute him on any count to which he has pleaded guilty; (3) the United
11  States may reinstate any counts that have been dismissed, have been superseded by the
12  filing of an Information, or were not charged because of this Agreement; (4) the United
13  States may file any new charges that would otherwise be barred by this Agreement; and
14  (5) the United States may prosecute Defendant on all available charges involving or
15  arising from the incidents charged in the Indictment.  The decision to pursue any or all
16  of these options is solely in the discretion of the United States Attorney's Office.  By
17  signing this agreement, Defendant agrees to waive any objections, motions, and
18  defenses he might have to the United States' decision, including Double Jeopardy.

19    In particular, Defendant agrees not to raise any objections based on the passage
20  of time with respect to any of the counts in the Indictment, including but not limited to,
21  any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy
22  Trial Clause of the Sixth Amendment.  Defendant specifically waives his right to appeal
23  any fine, Special Assessment, or terms of supervised release imposed by the Court.
24  Nothing in this Agreement shall preclude the United States from opposing any post-
25  conviction motion for a reduction of sentence or other attack of the conviction or
26  sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.
27  ///
28  ///

HOLDEN PLEA AGREEMENT – 20

1          19.    Global Disposition for Charged Conduct:

2          The United States has conferred with the Offices of the Prosecuting Attorneys for

3   Spokane and Benton Counties, Washington, and has obtained confirmation of the

4   following.

5          The Benton County Prosecuting Attorney agrees to recommend a sentence of

6   concurrent custodial time on Defendant's convictions in Benton County Superior Court

7   for Communications with a Minor for Immoral Purposes (felony), in violation of RCW

8   9.68A.090(2), (3), and Child Molestation in the Second Degree, in violation of RCW

9   9A.44.086, if the following occurs:

10             a.    Defendant pleads guilty in the above-captioned federal case and the

11                   Court accepts Defendant's guilty plea and Plea Agreement;

12             b.    This Court imposes a sentence of 20 years of incarceration and 20

13                   years of supervised release as contemplated in this Plea Agreement;

14             c.    Defendant thereafter pleads guilty in Benton County Superior Court

15                   to one charge of Communications with a Minor for Immoral

16                   Purposes (felony), in violation of RCW 9.68A.090(2), (3), and one

17                   count of Child Molestation in the Second Degree, in violation of

18                   RCW 9A.44.086.

19         The Spokane County Prosecuting Attorney agrees not to file criminal charges

20  arising from Defendant's inappropriate sexual touching of the minor girl in Spokane

21  County referenced in this plea agreement.  It is the intent of the parties that Defendant's

22  guilty plea in Benton County Superior Court to a charge of Child Molestation in the

23  Second Degree, in violation of RCW 9A.44.086, will address that conduct.

24         Defendant agrees not to challenge the substantive or procedural mechanisms

25  involved in resolving his federal and state matters globally.  Specifically, Defendant

26  waives the right to file any challenges to venue or jurisdiction, or any motion for relief

27  alleging violations of any state or federal anti-shuffling law, including but not limited to

28  the Interstate Agreement on Detainers.

HOLDEN PLEA AGREEMENT – 21

1    Defendant acknowledges that if Defendant withdraws from his federal guilty

2 plea, all representations from the Spokane and Benton County Prosecutor's Offices will

3 be null and void, including a commitment to recommend concurrent time on any federal

4 sentence that is imposed on Defendant.

5    The Spokane and Benton County Prosecuting Attorneys make no representations

6 about prosecution of any future conduct by Defendant, or past criminal conduct that is

7 not set forth in the factual basis of this Plea Agreement.

8    The signature of Deputy Prosecuting Attorneys for Spokane and Benton Counties

9 on this Plea Agreement serves as confirmation of all representations from the Spokane

10 and Benton County Prosecuting Attorneys.

11    20. <u>Integration Clause:</u>

12    The United States and Defendant acknowledge that this document constitutes the

13 entire Plea Agreement between the United States and Defendant, and no other promises,

14 agreements, or conditions exist between the United States and Defendant concerning

15 the resolution of the case.  This Plea Agreement is binding only on the United States

16 Attorney's Office for the Eastern District of Washington and the prosecuting authorities

17 in Benton and Spokane Counties, Washington, as set forth herein, and cannot bind other

18 federal, state, or local authorities.  The United States and Defendant agree that this

19 Agreement cannot be modified except in a writing that is signed by the United States

20 and Defendant.

21         <u>Approvals and Signatures</u>

22    Agreed and submitted on behalf of the United States Attorney's Office for the

23 Eastern District of Washington.

24 Joseph H. Harrington

25 United States Attorney

26

27 _____  _____

  David M. Herzog      Date 10/11/2018

28 Assistant U.S. Attorney

HOLDEN PLEA AGREEMENT – 22

1    Agreed and submitted on behalf of the Benton County Prosecutor's Office.

2   Andy Miller
    Benton County Prosecuting Attorney
3

4

5   _____ WSBA 41702    __10/10/18__
    Diana Ruff                                          Date
6   Deputy Prosecuting Attorney
7   Benton County Prosecuting Attorney's Office

8       Agreed and submitted on behalf of the Spokane County Prosecutor's Office.

9   Larry Haskell
10  Spokane County Prosecuting Attorney

11

12  _____ for    __10/11/2018__
    Eugene Cruz                               Date
13  Deputy Prosecuting Attorney
14  Spokane County Prosecuting Attorney's Office

15

16      I have read this Plea Agreement and have carefully reviewed and discussed every

17  part of the agreement with my state and federal attorneys.  I understand and voluntarily

18  enter into this Plea Agreement.  Furthermore, I have consulted with my state and federal

19  attorneys about my rights, I understand those rights, and I am satisfied with the

20  representation of my state and federal attorneys in this case.  No other promises or

21  inducements have been made to me, other than those contained in this Plea Agreement

22  and no one has threatened or forced me in any way to enter into this Plea Agreement.  I

23  agree to plead guilty because I am guilty.

24

25
    _____    __10/11/2018__
26  Jonathan Paul Holden                    Date
27  Defendant

28

HOLDEN PLEA AGREEMENT – 23

1    I have read the Plea Agreement and have discussed the contents of the agreement

2  with my client.  The Plea Agreement accurately and completely sets forth the entirety of

3  the agreement between the parties.  I concur in my client's decision to plead guilty as

4  set forth in the Plea Agreement.  There is no legal reason why the Court should not

5  accept Defendant's plea of guilty.

6

7

8  _____        10 - 11 - 18
    Andrea George                          Date

9  Federal Attorney for Defendant

10

11 _____        10/10/2018
    Catherine Harkins                      Date

12 State Attorney for Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOLDEN PLEA AGREEMENT – 24